IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT CHANDLER,**

      **Plaintiff,**

v.                                                   Civ. No. 22-16 MV/KK

**HK HOSPITALITY, LLC d/b/a
QUALITY INN,** *et al.***,**

      **Defendants.**

## ORDER GRANTING DEFENDANT HK HOSPITALITY'S MOTION FOR MORE DEFINITE STATEMENT

THIS MATTER comes before the Court[1] on Defendant HK Hospitality, LLC's ("HK Hospitality's") Motion for More Definite Statement (the "Motion"), filed on May 11, 2022. (Doc. 25.) Plaintiff Robert Chandler filed a response brief on May 17, 2022, and HK Hospitality filed a reply on May 20, 2022. (Docs. 26, 28.) The Court, having reviewed the Motion, the responses and replies thereto, and the relevant law, and being otherwise fully advised, FINDS that HK Hospitality's Motion is well-taken and should be GRANTED.

**I.**     **BACKGROUND**

In the First Amended Complaint ("FAC"), Plaintiff, who is Black, alleges that he "was subjected to discrimination because of his race/color and disability at Quality Inn (HK Hospitality LLC)" in Tucumcari, New Mexico, in August 2020. (Doc. 20 at 4.) The FAC includes eight enumerated causes of action, which are titled "Violation of 42 U.S.C. § 2000a et seq Civil Rights

---

[1] Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, Senior District Judge Martha Vázquez designated the undersigned to hear and determine the Motion. (Doc. 29 (entered June 8, 2022).)

Act," "Violation of New Mexico Human Rights Act," "Retaliation," "Respondeat Superior," "Battery/Assault," "Harassment," "Intentional Infliction of Emotional Distress -- Against All Defendants," and "Discrimination based on disability -- ADA 42 U.S.C. 12181-89," respectively. (Doc. 20.) Plaintiff named "Quality Inn (NM146) (HK Hospitality, LLC), Karmesh PATEL---- Register agent, Jason Paul Starr Jr. (Manager/security guard), and Cecilia (Manager)" as defendants. (*Id*. at 3.) Despite naming multiple defendants in the caption, the first page of the FAC states, "Plaintiff Robert Chandler (hereinafter 'Mr. Chandler') complaint against defendant QUALITY INN (HK Hospitality LLC) (hereinafter 'Defendant') herein alleges as follows[.]" (*Id*. at 4.) Additional details about the FAC are included as necessary in the Court's discussion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions "are appropriate when the complaint is 'sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but . . . so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed.)).

Because Plaintiff is represented by counsel, the Court need not liberally construe his pleadings. *Cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that the standard for construing pro se litigants' pleadings is "less stringent" than "formal pleadings drafted by lawyers").

2

**III.  DISCUSSION**

HK Hospitality argues that the FAC is ambiguous because it violates Federal Rule of Civil Procedure 10(b) and seeks an order requiring Plaintiff to "file a [s]econd [a]mended [c]omplaint that includes individually numbered paragraphs, and . . . states with specificity what claims are being brought against each defendant." (Doc. 25 at 3.) Plaintiff argues that the Motion should be denied because the FAC is adequate. *See generally* (Doc. 26.) The Court finds that a more definite statement is necessary to avoid prejudice to HK Hospitality's ability to file a clear and complete responsive pleading.

Federal Rule of Civil Procedure 10(b) states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." "The purpose of Rule 10(b) is to promote simplicity and clarity in pleading," both for the parties and the Court. *Hook v. Regents of Univ. of California*, No. 05-CV-356 JH/WPL, 2005 WL 8156511, at *2 (D.N.M. Oct. 11, 2005) (unreported) (quoting *Kjorlie v. Lundin*, 765 F. Supp. 671, 673 (D. Kan. 1991); *see* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1322 (4th ed.)). This requirement "is not a mere technicality. Without numbered paragraphs, it is difficult for a defendant to clarify in a response pleading which paragraph of the complaint he or she refers to, and it is difficult for the court to reference particular allegations in an order[.]" *Wilson v. Oklahoma*, No. 06-cv-752, 2006 WL 8436365, at *2 (W.D. Okla. Sept. 26, 2006) (unreported); *see Reitmire v. United States*, No. CIV-18-1035-G, 2019 WL 419288, at *2 (W.D. Okla. Feb. 1, 2019) (unreported) ("Numbered paragraphs serve to facilitate clarity within a pleading and make it easier for defendants to reference and respond to particular allegations.").

"The use of separate counts becomes increasingly important when a plaintiff files suit against multiple . . . defendants and alleges various claims against each." *Walker v. Wentz*, No. CIV.A. 1:06-CV-2411, 2008 WL 450438, at *5 (M.D. Pa. Feb. 15, 2008) (unreported).

HK Hospitality argues that "information alleged [in the FAC] under the stated 'causes of action' is presented via unnumbered, drawn[-]out paragraphs." (Doc. 25 at 2.) As an example, HK Hospitality points to the following paragraph:

> As Mr. Chandler continued walking to his room the Manager (Jason Paul Starr Jr.) continued following him and telling him you cannot stay here you f**king Nigga. Mr. Chandler asked him to stop following him, the Manager persist and Mr. Chandler was intimidated and lynching thoughts sink in as a result of the Manager's conduct, Mr. Chandler decided to return to the receptionist desk and asked him to call the police and the Boss. The receptionist (S. Perez) called the police. Subsequently, the manager was arrested. However, Mr. Chandler was instructed by the police to check out of the room an hour plus later per Management instruction. Consequently, Mr. Chandler was deprived of a right guarantee under Title II of the Civil Rights Act of 1964 [42 U.S.C. §2000a.

[sic] (Doc. 20 at 13–14); (Doc. 28 at 2.) The FAC includes multiple similar unnumbered paragraphs containing both unnumbered facts and legal conclusions. *See, e.g.*, (Doc. 20 at 15, 17, 18.) HK Hospitality asserts that, "should HK Hospitality be required to attempt to answer [the] unnumbered paragraphs within the [FAC], this will undoubtedly lead to confusion of the parties and the Court." (Doc. 28 at 2.) The Court agrees.

The unnumbered allegations of fact and legal conclusions in the FAC render HK Hospitality's obligation to "admit or deny the allegations asserted against it" and "state in short and plain terms its defenses to each claim" unnecessarily difficult. Fed. R. Civ. P. 8(b)(1)(a),(b). More importantly, such failure increases the risk of confusion as to which unnumbered allegations are admitted or denied by HK Hospitality in its responsive pleading. *See* Fed. R. Civ. P. 8(b)(6) (stating that "[a]n allegation . . . is admitted" if it is not denied in a required responsive pleading).

This is especially true of the fourth cause of action, which is titled "Fourth Cause of Action (Respondeat Superior)." (Doc. 20 at 18.) Despite the title, within that section are assertions of fact and discussion related to claims of negligent hiring and retention and negligent supervision,[2] as well as a discussion of agency principles. (*Id*. at 18–21.) Claims of negligence in hiring, retention, or supervision depend on legal theories distinct from the respondeat superior doctrine. "Under basic respondeat superior principles, an employer is liable for an employee's torts committed within the scope of the employee's employment." *Hartwell v. Sw. Cheese Co., LLC*, 276 F. Supp. 3d 1188, 1216 (D.N.M. 2016) (citing *Ocana v. American Furniture Co.*, 2004-NMSC-018, ¶ 29, 91 P.3d 58). In contrast, negligent hiring/retention and negligent supervision claims are brought directly against the employer for its own actions. *See, e.g., Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 2007-NMCA-122, ¶ 28, 168 P.3d 155, 165 ("Negligence in hiring or retention is based on the employer's negligent acts or omissions in hiring or retaining an employee when the employer knows or should know, through the exercise of reasonable care, that the employee is incompetent or unfit."). The respondeat superior doctrine is inapplicable to such claims based on an employer's direct liability. *Lessard*, 2007-NMCA-122, ¶ 28 ("An employer may be held liable for negligent hiring or retention, even if the employer is not vicariously responsible for the employee's negligent acts under a theory of respondeat superior.").

Distinct theories of liability generally are plead in separate counts. "[T]he purpose of organizing a complaint into separate counts is to place defendants on notice as to exactly what they are defending against, whether an entirely separate cause of action or alternative theories of recovery." *Jaiyeola v. Garmin Int'l, Inc.*, No. 2:20-CV-2068-JWB-JPO, 2020 WL 4678378, at *3

---

[2] In the Fourth Cause of Action, Plaintiff also refers to "negligent entrustment" but does not include any factual allegations or discussion specific to that tort claim. (Doc. 20 at 18.)

5

(D. Kan. Aug. 12, 2020); *cf. Bd. of Trustees of the Trucking Emps. of N. Jersey Welfare Fund, Inc. v. 160 E. 22nd St. Realty, LLC*, No. CV 15-889 (ES) (JAD), 2016 WL 4582046, at *8 (D.N.J. Sept. 2, 2016) (unreported) (stating, "[t]o the extent [the plaintiff seeks to hold the defendants] liable under [two different theories], those theories must be pleaded in separate counts" and ordering the plaintiff to "re-plead" those claims in an amended complaint). Here, as a practical matter, the inclusion of multiple claims based on theories of liability unrelated to respondeat superior in a count titled "Respondeat Superior" is ambiguous and unnecessarily complicates HK Hospitality's drafting of a responsive pleading. *See, e.g.*, *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, No. 09 C 5619, 2010 WL 3940694, at *3 (N.D. Ill. Oct. 6, 2010) (stating that the plaintiffs ran "afoul of Rule 10(b) by lumping ostensibly separate claims against separate defendants into a single claim"). As such, the Court will require Plaintiff to plead distinct legal theories of liability in separate counts.

Plaintiff argues that, to survive a motion to dismiss under Rule 12(b), he must show that all elements for each cause of action are met, and that the "unnumbered paragraphs in the causes of action provide[] rule/elements/analysis [and are] reasonable [sic] necessary to enable a responsive pleading under rule 8 (b) or 12 (b)[.]" (Doc. 26 at 2–3.) To be sure, the Tenth Circuit has noted that, although a plaintiff is not required to establish a prima facie case in the complaint, "the elements of each alleged cause of action help to determine whether [the p]laintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). But the extensive legal analysis and citations to authority in the FAC is unnecessary, improper, and should be removed. *See Goldenhersh v. Aurora Loan Servs. LLC*, No. 10-cv-01936, 2011 WL 2473236, at *2 (D. Colo. June 22, 2011) (unreported) ("[L]egal arguments and citations to authority as one might expect in a motion for summary judgment" are "not appropriate for a complaint."); *see also*

6

*Baker v. Blue Valley Sch. Dist. USD 229,* No. 21-cv-2210, 2021 WL 2577468, at *5 (D. Kan. June 23, 2021) ("Plaintiffs should refrain from pleading excessive legal arguments or commentary that serves only to muddy the water[.]").

### IV. CONCLUSION

For the reasons stated above, the Court finds that HK Hospitality's Motion is well-taken and should be granted because HK Hospitality's ability to prepare a responsive pleading is prejudiced by Plaintiff's failure to follow the rules governing complaints.

IT IS THEREFORE ORDERED that HK Hospitality's Motion for More Definite Statement (Doc. 25) is GRANTED. It is further ORDERED that no later than **January 11, 2023,** Plaintiff shall file a second amended complaint consistent with this Order and that complies with Federal Rule of Civil Procedure 10(b).[3]

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court reminds Plaintiff of his requirement to follow the Federal Rules of Civil Procedure and of the Court's authority to impose sanctions for the failure to do so. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (stating that, "[p]ursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if" the plaintiff fails to comply with the Federal Rules of Civil Procedure or any order of court).